## Coukart v. Totten

Before Weiss, Nixon and Van der Voort, JJ.

*Kenney, Stevens, Hill & Clark,* for plaintiffs.

*Robert L. Prior* and *Julia M. Doyle,* for defendant.

VAN DER VOORT, J., September 25, 1959.—This case comes before the court en banc on preliminary objections filed by plaintiffs to the counterclaim made by defendant Frank J. Markey, administrator of the estate of Caroline G. Totten, deceased, and the Commonwealth of Pennsylvania.

The above named plaintiffs filed a complaint in an action to quiet title alleging, in substance, the following facts:

Caroline G. Totten died testate on May 31, 1896. Her will provided, inter alia:

"Third, I give, devise and bequeath all my real estate, wheresoever situated, to Lawrence Johnston, to

be held by him in trust for the sale and separate use, benefit and enjoyment of my said daughter, Martha, for and during the term of her natural life; and it is my will that she shall receive the net rents and income of my real estate free from all liability for her debts, contracts, assignments or agreements of any kind whatsoever, and free from all control of any husband she may have.

"Fourth, At the death of my said daughter it is my will that my real estate shall go to and become vested in her children share and share alike; the trust hereby created in this will to cease and determine at the death of my daughter Martha.

"Fifth, If there shall be no descendants of my said daughter living at the time of her death it is my will that my real estate shall go to and become vested in such person or persons as are next of kin to me at the time of her death or to such charities as she may by will designate."

On or after May 31, 1896, Martha C. Totten, the daughter of testatrix, took possession of the aforesaid land and resided there. Martha T. Toynbee, formerly Martha C. Totten, on February 11, 1948, for a recited consideration of $10 executed and delivered a deed to plaintiffs by which she purported to convey to them a fee simple title to the land devised to her by the terms of her mother's will.

Shortly after February 11, 1948, plaintiffs took possession of the land and have retained possession since that time.

Martha T. Toynbee died testate in Florida October 5, 1950. No children were ever born to her nor was she survived by a husband. Neither did she appoint the subject land to any charity. Plaintiffs are at the present time in exclusive possession of the land in question.

Defendants named are the next of kin of testatrix, Caroline G. Totten, Charles Edward Creal, who is the administrator of the estate of the grantor, Martha T. Toynbee, the heirs, devisees, assigns, executors and administrators of Alla Perry, deceased, and Belle Atkinson, deceased, who were residuary legatees under the will of Martha T. Toynbee and whose identity and whereabouts are unknown, and the Commonwealth of Pennsylvania. Leave to intervene as a party defendant was granted Frank J. Markey, administrator of the estate of Caroline G. Totten, who along with the Commonwealth of Pennsylvania, filed an answer containing a counterclaim. Preliminary objections were then entered by plaintiffs asserting that a counterclaim in the instant case is improper and requesting the court to strike it from the record.

The counterclaim filed by both the Commonwealth of Pennsylvania and the Totten estate contains a demand for the fair rental value of the land in question from the date of Martha T. Toynbee's death to the present time. Both counterclaimants claim that title to the premises in question vested in them at the expiration of the life estate devised by Caroline G. Totten to her daughter, Martha T. Toynbee. The Commonwealth of Pennsylvania asserts that while it is true that the title reverted to the next of kin of Caroline G. Totten upon the death of the life tenant since she died childless and never exercised her testamentary power of appointment to a charity, the land escheated to the Commonwealth since none of the parties know the identity of any persons who were next of kin to Caroline G. Totten at the date of Martha T. Toynbee's death.

Frank J. Markey, administrator of the Totten estate, demands payment of the fair rental value of the premises from October 5, 1950 to the present date for the reason that, he claims, the court of common pleas has no jurisdiction to determine whether any next of

kin of Caroline G. Totten survived Martha T. Toynbee. His position is that this determination is within the exclusive jurisdiction of the orphans' court and until such determination is made, any payment of rent for the subject premises should be made to him.

There is only one issue for this court to determine in deciding plaintiffs' preliminary objections to the counterclaim filed by defendants Commonwealth of Pennsylvania and the administrator of the Totten estate. It may be framed thusly: May a counterclaim be pleaded in an action to quiet title brought pursuant to rule 1061(b) (1) of the Pennsylvania Rules of Civil Procedure?

The pertinent provisions of Pa. R. C. P. 1061 are as follows:

"(a) Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to the action of assumpsit.

"(b) The action may be brought

"(1) to compel an adverse party to commence an action of ejectment;

"(2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;

"(3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or

"(4) to obtain possession of land sold at a judicial or tax sale."

There is no provision preventing a counterclaim in the chapter of the rules concerning actions to quiet

title. The rule concerning counterclaims in an action of assumpsit therefore applies. It reads:

"(a) The defendant may set forth in the answer under the heading 'Counterclaim' any cause of action or setoff which he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose or (2) which arises from contract or is quasi-contractual": Pa. R. C. P. 1031.

The counterclaim in this instant case is clearly based on a contract or quasi-contract for the fair rental value of the premises from the date of the death of the life tenant to the present time. On their face, therefore, the rules indicate that defendants' counterclaim should be permitted. Plaintiff, however, argues that this court in the case of Thomas v. Venneri, 17 D. & C. 2d 379 (1958), has already determined the exact same question before the court in the instant case. Before that, however, this court had already decided that a counterclaim was proper in the case of Myczka v. Myczka, 102 Pitts. L. J. 145 (1953). In that case, Judge Adams, speaking for the court said, at page 146:

"The action to quiet title is relatively new and its exact nature, particularly with respect to the defenses available therein, yet to be determined. . . .

"Under Pa. R. C. P. No. 1031 . . . while it may be true that the assertion of a counterclaim arising from 'contract or quasi-contract' would lead to an absurd result in the action to quiet title, . . . if the counterclaim pleaded by defendant should prove inappropriate or a complicating factor at the trial, it may then be severed."

This reasoning finds support in 1 Goodrich-Amram, Procedural Rules Service, §1065-4, where the author states:

"There is no restriction on the right to counterclaim in these Rules, similar to ejectment Rule 1056(a). Assumpsit Rule 1031 therefore will govern. The defendant may counterclaim upon any cause of action which is contractual or quasi-contractual in nature or which arises from the same circumstances as the plaintiff's claim. Atlhough such a counterclaim can conceivably be filed, it will prove inappropriate in most instances and will probably be severed as a complicating factor at the trial."

We are therefore of the opinion that defendants' counterclaim should not be stricken. If, at the trial, it appears to be a complicating factor or inappropriate, it may then be severed.

### Order

And now, to wit, September 23, 1959, it is hereby ordered that the preliminary objections filed by plaintiffs in the above case be and hereby are dismissed.

Eo die, exception noted to plaintiffs and bill sealed.